```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
STRIKE 3 HOLDINGS, LLC,                :        23cv578 (DLC)
                                       :
                        Plaintiff,     :    MEMORANDUM OPINION
                                       :         AND ORDER
             -v-                       :
                                       :
JOHN DOE subscriber assigned IP        :
address 74.71.119.208,                 :
                                       :
                        Defendant.     :
                                       :
-------------------------------------- X
```

APPEARANCES:

For plaintiff:
Jacqueline Marie James
The James Law Firm
445 Hamilton Avenue, Suite 1102
White Plains, NY 10601

For defendant:
John Doe pro se

DENISE COTE, District Judge:

  Strike 3 Holdings, LLC ("Strike 3") has sued John Doe, an internet subscriber assigned IP address 74.71.119.208 ("Doe"[1]), for direct copyright infringement. Doe, a foreign diplomat appearing pro se, moves to quash a third-party subpoena that Strike 3 has served on Doe's internet service provider in order to obtain Doe's name and address. Doe's motion to quash is denied.

---

[1] Doe is referred to with male pronouns, regardless of gender.

## Background

Strike 3 is a producer and distributor of adult films. Strike 3 asserts that Doe illegally downloaded and distributed its films using a system called BitTorrent. In the complaint, Strike 3 was able to identify Doe only with an IP address, which is linked to numerous acts of online piracy. Accordingly, on February 10, 2023, Strike 3 filed a motion for leave to file a third-party subpoena on Doe's internet service provider, Spectrum, in order to ascertain Doe's true name and address (the "Rule 45 Subpoena"). On February 13, the Court, finding good cause, granted the plaintiff's request and issued a protective order. The protective order allowed Doe to challenge the subpoena while maintaining his anonymity, and restricted Strike 3 to using any information ultimately received from the subpoena solely for the purpose of protecting Strike 3's rights as set forth in its complaint.

Doe was notified of the subpoena by Spectrum, and on March 22, 2023, the Court received a letter from Doe requesting to proceed anonymously in this litigation and evincing a desire to quash the Rule 45 Subpoena. In that letter, Doe informed the Court that he is a foreign diplomat and the IP address 74.71.119.208 is associated with his official residence.[2] On

---

[2] The letter contained Doe's personal identifying information and has been docketed under seal.

March 23, the Court granted Doe's request to proceed anonymously and ordered any motion to quash to be submitted by April 28. The March 23 Order also prohibited Spectrum from complying with the Rule 45 Subpoena pending a court order.

On April 24, Doe, proceeding *pro se*, filed a letter motion seeking to quash the subpoena. On May 10, the plaintiff filed its opposition. Doe did not file any reply.

### Discussion

Doe is proceeding *pro se*, and his submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Meadows v. United Services, Inc., 963 F.3d 240, 243 (2d Cir. 2020) (citation omitted). Nonetheless, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted).

Doe's letter motion to quash the subpoena is best construed under Rule 45(d), Fed. R. Civ. P. Under Rule 45(d), a court must quash or modify a subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to

3

undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The burden of persuasion in a motion to quash a subpoena "is borne by the movant." Dukes v. NYCERS, 331 F.R.D. 464, 469 (S.D.N.Y. 2019) (citation omitted); see also Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004).

Doe has failed to meet his burden to quash the subpoena. Doe asserts two grounds for quashing the subpoena. First, that communications made using the IP address are protected by the Vienna Conventions, and second, that disclosing the location of the diplomat's official residence "might jeopardise [sic] the security of the diplomat and is in violation with the [A]rticle 35 of the Vienna Convention on Consular Relations." Neither argument is a valid basis to quash the subpoena.

Doe's first argument is not appropriate for consideration at this juncture. Whether Doe ultimately has a meritorious defense -- grounded in consular immunity -- to plaintiff's claims is not relevant for purposes of the instant motion to quash and plaintiff's ability to obtain the discovery in order to effectuate service. See, e.g., Arista Recs., LLC v. Doe 3, 604 F.3d 110, 124 (2d Cir. 2010) (addressing fair use defense). Moreover, Doe's assertion that his "correspondence and communication[s]" are protected by consular immunity does not apply to the information sought by the subpoena. The subpoena seeks only Doe's "true name and current and permanent

4

address" -- not correspondence or communications.

Doe's second argument, that disclosing the location of the diplomat's official residence might jeopardize his security and is in violation of Article 35 of the Vienna Convention on Consular Relations ("VCCR"), is best understood as a request for entry of a protective order under Rule 26(c).[3]  Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).  The Court concludes, with the consent of Strike 3, that there is good cause to issue a protective order in connection with this subpoena in light of the risk for false positive identifications that could result in "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

---

[3] Article 35 of the VCCR concerns freedom of communication.  It does not afford a privilege over the name and location of a consular premises.

## Conclusion

Doe's April 24, 2023 motion to quash the Rule 45 Subpoena is denied. Spectrum shall produce to the plaintiff the information responsive to the Rule 45 Subpoena. A protective order accompanies this Opinion.

Dated:   New York, New York
         July 5, 2023

                                          _____
                                               DENISE COTE
                                          United States District Judge